IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2017 OCT 23 P 2: 39

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| KACEY HARPER,<br>Plaintiff,<br><br>v.<br><br>HOUSTON COUNTY BOARD OF<br>EDUCATION, a local education<br>authority;<br>TIM PITCHFORD, MARSHA<br>SHELLEY, and BRANDY WHITE,<br>each in his/her individual capacity,<br>Defendants. | CIVIL ACTION NO. 1:17-cv-721-WKW<br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

1. This is a civil action seeking monetary damages and injunctive relief against the several Defendants. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1988. Jurisdiction of this matter is in this court pursuant to 28 U.S.C. §§1331 and 1343.

### PARTIES

2. Plaintiff KACEY HARPER is an adult citizen of the United States and a resident of Houston County, Alabama.

3. Defendant HOUSTON COUNTY BOARD OF EDUCATION is a local education agency established in accordance with *Ala. Code* §16-8-1 et seq.

1

4. TIM PITCHFORD served as Houston County Superintendent of Education and an agent of the BOARD from 2005 until the end of December 2016. He is sued in his individual capacity only.

5. MARSHA SHELLEY was (at all times pertinent to this complaint) the principal of Webb Elementary School in the Houston County School System and an agent of the BOARD. She is sued in her individual capacity only.

6. BRANDY WHITE was (at all times pertinent to this complaint) the assistant principal of Webb Elementary School in the Houston County School System and an agent of the BOARD. She is sued in his individual capacity only.

FACTS

7. As will be more fully explained below, Plaintiff HARPER is a well-qualified third-grade teacher with three years of experience in the Houston County School System. Defendant MARSHA SHELLEY recommended before the end of HARPER's third year of teaching that HARPER's contract not be renewed, thereby ending her employment and depriving her of tenure (a status which HARPER would have had but for the non-renewal of her contract). Defendant TIM PITCHFORD in turn recommended to the BOARD that it non-renew HARPER. The BOARD accepted the recommendation. The evidence will show that SHELLEY made the recommendation to non-renew based on one or both of the following reasons:

2

a. that HARPER had refused to support Matt Swann, SHELLEY's preferred candidate for County School Superintendent in the 2016 Republican Primary; or

b. that HARPER had given truthful testimony before an Alabama State Board of Education (hereafter "SDE") investigator looking into a charge that Webb Elementary School teachers had violated standardized testing protocol.

8. At the time of her employment with the HOUSTON COUNTY BOARD OF EDUCATION, Plaintiff HARPER had a Bachelor of Science in Elementary Education, K-6 from Troy University, Dothan, AL (2008). She had received excellent evaluations while employed by the Houston County Schools.

### [Political Discrimination]

9. Defendant SHELLEY supported Swann in the Republican Primary. She sent out letters from her residence asking for support for Swann. Some of the letters were sent to Webb Elementary students' families.

10. Defendant WHITE was one of the campaign managers for Matt Swann's campaign for the Republican nomination for Houston County School Superintendent. On the day of the Republican Primary (1 March 2016), WHITE took a day of leave from work and volunteered as a driver for the Swann campaign's get-out-the-vote drive.

11. On or about 1 May 2015 (nine months before the primary), Defendant WHITE asked Plaintiff HARPER and her husband to

3

distribute flyers for Swann's campaign at a high school graduation at the Dothan Civic Center. Ms. HARPER refused.

12. On or about 1 August 2015, WHITE asked Plaintiff HARPER and her husband to hand out flyers for Swann's campaign during an Ashford High School football game. Both HARPERS refused.

13. On or about 21 November 2015, WHITE asked HARPER if she would work at a PTO rummage sale fund raiser where volunteers would be wearing Swann campaign t-shirts. HARPER did not volunteer; she felt WHITE was pressuring her to participate in the Swann campaign.

<em>[ACT Aspire Investigation]</em>

14. During the 2015-16 school year, all school systems in Alabama used the ACT Aspire test which (according to ACT.org) "measures readiness in English, math, reading, science, and writing from the elementary grades through early high school (grades 3–10)." At Webb Elementary School, faculty members attended a "professional development" program about the ACT Aspire on or about 28 September 2015.

15. The ACT Aspire test was held in April 2016. A few days after ACT Aspire testing, Supt. PITCHFORD held a faculty meeting at Webb Elementary. He said that one anonymous phone call was received by the Central Office the Friday before testing and another call to Central Office the Monday of testing week. The caller made the claim that Webb

4

Elementary "cheated" on the ACT Aspire. PITCHFORD stated he had informed the SDE.

16. A representative of the SDE and Cas Haddock, the Student Assessment Coordinator of the HOUSTON COUNTY BOARD, interviewed teachers of the 3rd through 6th grades, one by one. Those teachers were directed to report for an interview at a scheduled time. The investigators told HARPER that anything discussed during questioning would remain confidential. HADDOCK asked to tape record the conversation; HARPER consented.

17. During the interview, HARPER answered the interviewers' questions and told them that, during professional-development training (on 28 September 2015) about ACT Aspire, Brandi Paramore, the school's math coach, presented math exemplars and commented regarding some exemplars, "That was on the test." When questioned further, HARPER explained, "To me it seemed when the exemplar appeared on the screen at the workshop she [Paramore] had seen that question on the ACT Aspire at some time."

18. The Alabama Educator Code of Ethics provides specifically that unethical conduct, for which a teacher may face disciplinary action up to and including the revocation of her teaching certificate, includes "Falsifying, misrepresenting, omitting, or erroneously reporting information submitted in the course of an official inquiry or investigation." Thus, Plaintiff faced disciplinary action had she provided false testimony to SDE.

5

19. Cas Haddock told SHELLEY the substance of HARPER's statement.

20. Brandi Paramore is the niece of SHELLEY.

### *[Discharge]*

21. The usual procedure for non-renewal of nontenured teachers in the Houston County Schools is (a) recommendation by the Principal to the Superintendent, (b) recommendation by the Superintendent to the Board, and (c) a vote by the Board accepting the Superintendent's recommendation. While steps (b) and (c) are required by *Ala. Code* §16-24C-5(c), it is custom and policy of the Houston County Schools that the recommendation of the principal for non-renewal is always followed by the Superintendent. It is also the custom and policy of the Board to approve the recommendation of the Superintendent for non-renewal of a nontenured teacher.

22. On information and belief, SHELLEY and WHITE shared information about which teachers and staff had volunteered for the Swann campaign and which had refused to do so.

23. SHELLEY also consulted with WHITE regarding the teaching ability, demeanor, and participation in school-related activities.

24. In response to HARPER's question (on or about 10 May 2016) about renewal of her contract, SHELLEY told HARPER, "We are kicking the can around" about personnel changes. SHELLEY's "we" referred to WHITE and herself.

25. On information and belief, the BOARD did not reject a recommendation by PITCHFORD regarding the non-renewal of a non-tenured teacher during his entire term as superintendent.

26. SHELLEY recommended the non-renewal of HARPER to PITCHFORD because of SHELLEY's animus toward HARPER for one or both of the following two reasons:

    a. not supporting Swann, and/or

    b. for disclosing Paramore's statement about the contents of the ACT Aspire math test to the Department of Education investigator.

27. PITCHFORD recommended the non-renewal of HARPER to the BOARD OF EDUCATION because his policy and practice of passing along to the BOARD any principal's recommendations for non-renewal of a nontenured teacher, without making any investigation of the facts and circumstances of the teacher's competence and ability.

28. The BOARD accepted the recommendation of PITCHFORD and voted to non-renew HARPER without inquiring into or obtaining the facts and circumstances of HARPER's competence and ability to teach.

29. Had SHELLEY, PITCHFORD, and the BOARD simply refrained from acting on HARPER's employment, she would have obtained tenure as a matter of law pursuant to *Ala. Code* §16-24C-5. No overt action was required. She also would have received a step increase on the salary schedule for the next school year, as she would have started her fourth year of public school teaching.

30.  PITCHFORD informed HARPER of her termination on 20 May 2016 and gave her the letter of non-renewal.

*[Qualified Immunity of the Individual Defendants]*

31.  To the extent that the individual DEFENDANTS invoke the protection of qualified immunity, such protection is not available in the present case.

32.  At the time of the events described in this Complaint, it was clearly established that it was unlawful to retaliate and/or discriminate against a government employee such as HARPER for providing testimony or information to a Department of Education investigator, as she did in this matter. Such law was clearly established by, for example, *Lane v. Franks*, 573 U.S. ----, 134 S.Ct. 2369, 2379, 189 L.Ed.2d 312 (2014) ("The critical question … is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties....").

33.  At the time of the events described in this Complaint, it was clearly established that it was unlawful to retaliate and/or discriminate against a government employee such as HARPER for supporting a candidate for Superintendent. Such law was clearly established by, for example, *Branti v. Finkel,* 445 U.S. 507, 515-518 (1980); *Elrod v. Burns,* 427 U.S. 347, 368, 362 (1976); *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 72-73 (1990); *Heffernan v. City of Paterson,* N.J., --- U.S. ----, 136 S.Ct. 1412, 1419 (2016); and *Randall v. Scott*, 610 F.3d 701, 713 (11th Cir. 2010).

34.  At the time of the events described in this Complaint, it was clearly established that, when an employer's agent possessing a discriminatory motive and inducing the formal decisionmaker to "rubber stamp" the decision desired by the agent, both the agent and the rubber-stamping superior are each liable to the employee. This is the "subordinate bias" (or "cat's paw") theory. Such law was clearly established by, for example, *Staub v. Proctor Hosp.,* 562 U.S. 411, 419, 421 (2011); *Stimpson v. City of Tuscaloosa,* 186 F.3d 1328, 1331-32 (11th Cir. 1999); *Llampallas v. Mini-Circuits, Lab, Inc.,* 163 F.3d 1236, 1249 (11th Cir. 1998).

35.  As such, any reasonable education official in the position of the individual DEFENDANTS would have understood that the retaliatory and discriminatory actions towards HARPER violated her First Amendment rights, and the preexisting law clearly established the unlawfulness of such actions.

## *[Damages]*

36.  Plaintiff HARPER has suffered a loss in pay and a loss of job security (tenure) because of her discharge by the HOUSTON COUNTY BOARD OF EDUCATION. She was able to obtain a job out-of-state at less pay, with less generous health and retirement benefits, and less job protection than her position in Houston County.

37. Plaintiff HARPER has experienced the type of mental anguish, embarrassment, anger, frustration, disappointment, regret, despair, loss of enjoyment of life, and disruption of her peace of mind as

9

a result of DEFENDANTS' unlawful conduct which any reasonable person would have suffered under like circumstances.

CLAIMS

38. The actions of the DEFENDANTS set forth above violated Plaintiff HARPER's right to freedom of speech and freedom of association as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

39. Defendant HOUSTON COUNTY BOARD OF EDUCATION is liable for the violation of Plaintiff HARPER's rights as set forth above because the members of the BOARD (and the Superintendent) are the persons who, pursuant to *Ala. Code* §§§16-8-23, 16-9-23, and 16-24C-5 have the final authority to make and execute employment policy on behalf of the Houston County School District.

   a. *Ala. Code* §16-8-23 provides in pertinent part, "The county board of education shall appoint, upon the written recommendation of the county superintendent, all principals, teachers, clerical and professional assistants authorized by the board."

   b. *Ala. Code* §16-9-23 also provides in pertinent part, "The county superintendent of education shall nominate in writing for appointment by the county board of education all principals, teachers and all other regular employees of the board."

   c. *Ala. Code* §16-24C-5(c) also provides in pertinent part, "Probationary teachers … may be terminated at the discretion of the employer upon the written recommendation of the chief executive officer

10

[superintendent], a majority vote of the governing board, and issuance of written notice of termination to the teacher on or before the fifteenth day of June."

40. The unlawful employment practices complained of and the actions of DEFENDANTS and/or their agents were intentional and with malice or with reckless indifference to Plaintiff HARPER's statutory and Constitutional rights, entitling Plaintiff HARPER to damages in the form of compensatory damages and punitive damages to punish the individual-capacity DEFENDANTS for their actions and to deter them, and others, from such actions in the future.

## PRAYER FOR RELIEF

41. WHEREFORE, Plaintiff HARPER prays for judgment against the DEFENDANTS as follows:

a. Order the HOUSTON COUNTY BOARD OF EDUCATION to pay the PLAINTIFF's lost salary and benefits for her former teaching position for the 2016-2017 and 2017-2018 school years and each school year through the date of trial, plus interest on such sums;

b. Award compensatory damages to be paid by the BOARD and all individual-capacity DEFENDANTS, jointly and severally, in an amount proved at trial;

c. Order the HOUSTON COUNTY BOARD OF EDUCATION to pay a lump sum award of future lost earnings as an alternative to reinstatement;

11

d. Award punitive damages against each individual-capacity DEFENDANT in an amount proved at trial;

e. Enjoin all DEFENDANTS, their agents, servants, and employees from basing any adverse action (for example, but not limited to, reports on HARPER's past performance) to other (current, prospective, or future) employers upon her exercise of First Amendment rights while employed by the HOUSTON COUNTY BOARD OF EDUCATION;

f. Grant equitable relief to cure the continuing effects of the DEFENDANTS' discharge on PLAINTIFF's employment record.

g. Enjoin all DEFENDANTS, their agents, servants, and employees from retaliating or otherwise taking adverse action against HARPER in her capacity as a parent with a soon-to-be school-aged child who resides within the DEFENDANTS' district, including, but not limited to, denying HARPER's imminent request for a zoning variance for next school year, and the years beyond, so that her child will not be required to attend any school at which any DEFENDANT is employed;

h. Tax the costs of this action against all DEFENDANTS;

i. Award reasonable attorneys' fees to PLAINTIFF; and

j. Award such other relief as the court deems fair and appropriate under the circumstances.

Submitted by,

_____          /s/ Edward Still
Clint Daughtrey                           Edward Still, Esquire
General Counsel                           429 Green Springs Hwy.
Alabama Education Association             STE 161-304
P.O. Box 4177                             Birmingham AL 35209
Montgomery AL 36103-4177                  Phone & Fax: 205-320-2882
Phone: 334-834-9790                       Email: still@votelaw.com
Email: Clintd@alaedu.org

### JURY TRIAL DEMANDED

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
_____Southern_____**DIVISION**

RECEIVED

2017 OCT 23  P 2: 41

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

**CERTIFICATE OF SERVICE**

I,_Clint Daughtrey, Esquire_____, do hereby Certify that a true and correct copy of the foregoing has been furnished by <sub>Certified Mail, Return Receipt Requested</sub> (manner of service, i.e., U.S. Mail, electronic mail, etc.) on this _23_ day of _October_ 20_17_ to:

Houston County Board of Education; David Swell, Superintendent of

Schools; Tim Pitchford; Marsha Shelley and Brandy White.

_October 23, 2017_____
Date

_____
Signature